TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00759-CR






Miguel Nicolas Lopez, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT


NO. 97-580-K368, HONORABLE WILLIAM BLACK, JUDGE PRESIDING







PER CURIAM

Appellant pleaded guilty and judicially confessed to engaging in organized criminal
activity by conspiring to deliver over fifty pounds of marihuana. See Tex. Penal Code Ann.
§ 71.02 (West 1994 & Supp. 1999). The district court assessed punishment at imprisonment for
thirty years.

Appellant's court-appointed attorney filed a brief concluding that the appeal is
frivolous and without merit. The brief meets the requirements of Anders v. California, 386 U.S.
738 (1967), by presenting a professional evaluation of the record demonstrating why there are no
arguable grounds to be advanced. See also Penson v. Ohio, 488 U.S. 75 (1988); High v. State,
573 S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App.
1974); Jackson v. State, 485 S.W.2d 553 (Tex. Crim. App. 1972); Gainous v. State, 436 S.W.2d
137 (Tex. Crim. App. 1969).

Appellant has also filed a pro se brief. In his first two points of error, appellant
complains that the attorney who represented him at the time he entered his plea provided
ineffective assistance. The facts alleged in support of this contention are not in the record. Pro
se points of error one and two are overruled.

A different attorney was appointed to represent appellant at the sentencing phase
of his trial and also on appeal. By point of error three, appellant contends this attorney was
ineffective with respect to the appeal. He again cites facts not shown in the record. Pro se point
of error three is overruled.

Appellant's fourth through twelfth points relate to the conduct of the sentencing
hearing. After the presentence investigation report was offered and admitted in evidence, both
sides closed. Defense counsel then made her argument without incident. When the prosecutor
began to argue facts not in the record, defense counsel objected and the objection was sustained. 
The prosecutor then asked permission to reopen in order to call a Department of Public Safety
officer. The motion to reopen was granted over defense objection. Most of the officer's
testimony was hearsay, to which defense counsel repeatedly objected. These objections were
sustained. The court informed counsel that it would not consider the witness's testimony, but
would allow the prosecutor to complete his questioning simply for the record. 

Defense counsel ably represented appellant at the sentencing hearing. Any error
that occurred was preserved. Pro se point of error four is overruled. Any error in allowing the
State to reopen, or in the questions asked and testimony adduced by the prosecutor at the hearing,
was rendered harmless when the court stated that the testimony would not be considered in
assessing punishment. Pro se points five through twelve are overruled.

Appellant's last point of error is that the punishment is too severe. Appellant was
convicted of a first degree felony. See Tex. Penal Code Ann. § 71.02(b) (West 1994); Tex.
Health & Safety Code Ann. § 481.120(b)(5) (West Supp. 1999). The punishment assessed is
within the range prescribed for the offense. See Tex. Penal Code Ann. § 12.32 (West 1994). We
find no basis for disturbing the district court's punishment decision. Pro se point of error thirteen
is overruled.

The judgment of conviction is affirmed.


Before Justices Jones, B. A. Smith and Yeakel

Affirmed

Filed: July 29, 1999

Do Not Publish



rdPerfect 9">




TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00759-CR






Miguel Nicolas Lopez, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT


NO. 97-580-K368, HONORABLE WILLIAM BLACK, JUDGE PRESIDING







PER CURIAM

Appellant pleaded guilty and judicially confessed to engaging in organized criminal
activity by conspiring to deliver over fifty pounds of marihuana. See Tex. Penal Code Ann.
§ 71.02 (West 1994 & Supp. 1999). The district court assessed punishment at imprisonment for
thirty years.

Appellant's court-appointed attorney filed a brief concluding that the appeal is
frivolous and without merit. The brief meets the requirements of Anders v. California, 386 U.S.
738 (1967), by presenting a professional evaluation of the record demonstrating why there are no
arguable grounds to be advanced. See also Penson v. Ohio, 488 U.S. 75 (1988); High v. State,
573 S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App.
1974); Jackson v. State, 485 S.W.2d 553 (Tex. Crim. App. 1972); Gainous v. State, 436 S.W.2d
137 (Tex. Crim. App. 1969).

Appellant has also filed a pro se brief. In his first two points of error, appellant
complains that the attorney who represented him at the time he entered his plea provided
ineffective assistance. The facts alleged in support of this contention are not in the record. Pro
se points of error one and two are overruled.

A different attorney was appointed to represent appellant at the sentencing phase
of his trial and also on appeal. By point of error three, appellant contends this attorney was
ineffective with respect to the appeal. He again cites facts not shown in the record. Pro se point
of error three is overruled.

Appellant's fourth through twelfth points relate to the conduct of the sentencing
hearing. After the presentence investigation report was offered and admitted in evidence, both
sides closed. Defense counsel then made her argument without incident. When the prosecutor
began to argue facts not in the record, defense counsel objected and the objection was sustained. 
The prosecutor then asked permission to reopen in order to call a Department of Public Safety
officer. The motion to reopen was granted over defense objection. Most of the officer's
testimony was hearsay, to which defense counsel repeatedly objected. These objections were
sustained. The court informed counsel that it would not consider the witness's testimony, but
would allow the prosecutor to complete his questioning simply for the record. 

Defense counsel ably represented appellant at the sentencing hearing. Any error
that occurred was preserved. Pro se point of error four is overruled. Any error in allowing the
State to reopen, or in the questions asked and testimony adduced by the prosecutor at the hearing,
was rendered harmless when the court stated that the testimony would not be considered in
assessing punishment. Pro se points five through twelve are overruled.

Appellant's last point of error is that the punishment is too severe. Appellant was
convicted of a first degree felony. See Tex. Penal Code Ann. § 71.02(b) (West 1994); Tex.
Health & Safety Code Ann. § 481.120(b)(5) (West Supp. 1999). The punishment assessed is
within the range prescribed for the offense. See Tex. Penal Code Ann. § 12.32 (West 1994). We
find no basis for disturbing the district court's punishment decision. Pro se point of error thirteen
is overruled.

The judgment of conviction is affirmed.


Before Justices Jones, B. A. Smith and Yeakel

Affirmed

Filed: July 29, 1999